PICKETT, J.,
dissenting.
_J_¡On remand, the supreme court has instructed us to review the jury’s verdict using the manifest error standard of review. That standard of review was set forth very clearly in Rosell v. ESCO, 549 So.2d 840, 844-845 (La.1989) (citations and footnote omitted):
It is well settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong,” and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The appellate review of fact is not completed by reading only so much of the record as will reveal a reasonable factual basis for the finding in the trial court, but if the trial court or jury findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. In applying the manifestly erroneous— clearly wrong standard to the findings below, appellate courts must constantly have in mind that their initial review function is not to decide factual issues de novo.
When findings are based on determinations regarding the credibility of witnesses, the manifest error — clearly wrong standard demands great deference to the trier of fact’s findings; for *967 only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Where documents or objective evidence so contradict the | awitness’s story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness’s story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. But where such factors are not present, and a factfinder’s finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong.
When we originally heard this case, I explained in my dissent that the majority was wrong in determining that the jury erred in finding that Mr. Fontenot was not at fault. My view has not changed. I continue to believe that the jury was not manifestly erroneous in setting Mr. Fonte-not’s percentage of fault at 10%. I agree with the statement in Loveday v. Travelers Insurance Co., 585 So.2d 597 (La.App. 3 Cir.), writ denied, 590 So.2d 65 (La.1991), that driving in excess of the posted speed limit does not require a finding of liability. However, I believe that the jury was not clearly wrong in its determination that driving 21 miles per hour over the posted speed limit at night when approaching a flashing caution light contributed to the accident.
I also believe that the jury’s determination that the state was not liable is not manifestly erroneous. The jury heard two permissible views of the evidence, and found in favor of DOTD. I find that the jury’s determination was reasonable, and I would not disturb the jury’s allocation of fault. For these reasons, I respectfully dissent from the majority’s finding of manifest error, its re-allocation of fault, and the distribution of costs.